[Cite as *State v. Woolf*, 2022-Ohio-2868.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111060 |
| v. | : | |
| DANIEL WOOLF, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 18, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657584-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan, Assistant Prosecuting Attorney, *for appellee.*

The Goldberg Law Firm and Michael J. Goldberg, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Daniel Woolf ("Woolf") appeals his sentence following guilty pleas to multiple counts of pandering sexually oriented material involving a minor and other charges. For the reasons set forth below, we affirm.

**Procedural and Factual History**

{¶ 2} On January 12, 2021, the National Center for Missing and Exploited Children received a tip that a user on Kik, a messaging website, had uploaded images of apparent child pornography to his account. The Internet Crimes Against Children ("ICAC") task force investigated and verified that the images contained known or suspected child sexual abuse or child exploitation material. They also determined that the IP address associated with the Kik account was owned by Woolf. On March 4, 2021, law enforcement executed a search warrant at Woolf's residence. The investigation revealed that Woolf, a K-2 teacher at the time, had a mobile device with 573 videos and images of child sexual abuse on it.

{¶ 3} Woolf was subsequently indicted on 13 counts of pandering sexually oriented material involving a minor, felonies of the second degree (Counts 1 through 13); six counts of illegal use of a minor in nudity oriented material or performance, felonies of the second degree (Counts 14 through 19); one count of pandering sexually oriented material involving a minor, a felony of the fourth degree (Count 20); one count of illegal use of a minor in nudity oriented material or performance, a felony of the fifth degree (Count 21); and one count of possessing criminal tools, a felony of the fifth degree (Count 22). Counts 1 through 4 occurred after the enactment of R.C. 2967.271, the Reagan Tokes Law and were subject to the indefinite sentences required by the law. The remaining counts called for definite sentences.

{¶ 4} On October 4, 2021, Woolf entered a guilty plea to the 13 counts of pandering sexually oriented material involving a minor and two counts of illegal use of a minor in nudity oriented material or performance, all felonies of the second degree. The state dismissed the remaining charges.

{¶ 5} The trial court sentenced Woolf to six to nine years on Counts 1 through 4, and six years each on Counts 5 through 15, all to run concurrently. Woolf objected to the sentence on Counts 1 through 4, noting that there remained several challenges in the courts of appeals to R.C. 2967.271.

{¶ 6} Woolf now appeals his sentence, assigning the following errors for our review.

## Assignment of Error No. 1

Appellant's indefinite sentence is unconstitutional.

## Assignment of Error No. 2

The court's sentence is contrary to law because its findings are not supported by the record.

## Law and Analysis

{¶ 7} In the first assignment of error, Woolf challenges the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Preliminarily, the Supreme Court recently found that the statute's constitutionality is ripe for review in a defendant's direct appeal from his sentence. *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, ¶ 21.

{¶ 8} Woolf raises three issues with respect to the statute, that it violates the right to trial by jury under the Sixth Amendment to the United States Constitution, the right to due process under the Fifth and Fourteenth Amendments to the United

States Constitution, and the separation-of-powers doctrine. As the state correctly noted, we addressed these same constitutional challenges to R.C. 2967.271 in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). In that opinion, this court, sitting en banc found that R.C. 2967.271 was constitutional. Woolf seeks to preserve a constitutional challenge to the law pending its review by the Ohio Supreme Court.

{¶ 9} Nevertheless, we overrule the first assignment of error based on the holding in *Delvallie*.

{¶ 10} In the second assignment of error, Woolf challenges his sentence, as contrary to law. In essence, Woolf argues that the record does not support the trial court's findings in support of the sentence.

{¶ 11} Preliminarily, we review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Evans,* 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for sentencing." *Id.* However, the court must first "clearly and convincingly" find that (1) certain statutory sentencing requirements are not supported in the record or (2) "that the sentence is contrary to law." *Id.*

{¶ 12} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.* at ¶ 12.

{¶ 13} Woolf argues that his sentence of a minimum of six years incarceration greatly exceeds the minimum sentence necessary to effectuate the purposes of felony sentencing under R.C. 2929.11. Under R.C. 2929.11 the overriding purposes of felony sentencing are

> to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing unnecessary burden on state or local government resources.

{¶ 14} Woolf suggests that his conduct was not any more serious than what normally constitutes violations of this type. He further argues that the trial court did not appropriately consider mitigating factors that supported a sentence of a community control sanction or time in a community-based corrections facility ("CBCF"). We disagree.

{¶ 15} As the trial court pointed out at sentencing, there is a presumption in favor of prison for a felony of the first or second degree. R.C. 2929.13(D). This presumption can be overcome when the trial court makes *both* of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the

applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2)

{¶ 16} In the instant case, however, the trial court found that there were several factors that made Woolf's conduct more serious than conduct normally constituting the offense. The court noted that Woolf had been downloading and consuming images of child sexual abuse since he was 16 years old and, from a certain point, admitted to doing so every day. Woolf was 23 when he was arrested. The court found the ages of the victims significant. An ICAC investigator described the images on Woolf's phone as some of the worst he had seen, including images of the forceable rape and molestation of infants and toddlers. One of the videos also included an adult forcing a child to engage in a sex act with another child. The court noted the significant and substantial psychological harm to the victims, and that Woolf participated in that harm by consuming and sharing these images. The court specifically found that, although there were positive factors in the record about Woolf, they did not outweigh the psychological harm he caused.

{¶ 17} Woolf suggests that the trial court improperly focused on the number of images he obtained, noting that it is common for someone who collects child pornography to have multiple images. We disagree. It was the type of images Woolf consumed that was determinative in the trial court's findings.

{¶ 18} On the other hand, Woolf's mental health conditions, including obsessive-compulsive disorder, were the only factor the court found that made his conduct less serious than that of others who had committed his offenses.

{¶ 19} The court then weighed the likelihood that Woolf would reoffend. The trial court compared a psychological report prepared for sentencing and Woolf's statement to the court. While the psychological report found that Woolf did not express remorse for his actions, Woolf verbally expressed remorse in open court. The trial court determined that it was unclear whether Woolf was likely to reoffend. In contrast, the trial court noted several factors that indicated Woolf was unlikely to reoffend. The trial court noted that Woolf admitted his conduct, that he had done well under court-supervised release, had begun sex offender treatment, and had obtained a psychiatrist. The court also found that Woolf had strong family and community support and had obtained and maintained employment after leaving his teaching position.

{¶ 20} However, the court noted that it was not surprising that Woolf did well. The court opined that Woolf's compliance with court supervision and treatment were new obsessions replacing his previous obsession with viewing child pornography. Woolf suggests that the trial court's comment means the judge did not take Woolf's efforts at rehabilitation seriously and counted his diligence against him. We disagree. Two things may exist at once. It is entirely possible that the trial court recognized that Woolf is sincerely seeking treatment and that his compliance

with supervised release and treatment are consistent with his obsessive-compulsive disorder.

{¶ 21} The record does not reflect that the trial court doubted Woolf's sincerity in pursuing treatment. Prior to issuing the sentence, the trial court noted that it strongly considered the position of the defense before settling on a minimum six-year term. In fact, the trial court expressed later in the hearing that it believed Woolf could make progress and eventually live a happy, productive life and make up for some of the harm he caused.

{¶ 22} Based on the foregoing, the record supported the trial court's decision to impose a prison term. The factor that made Woolf's conduct less serious than those who commit similar crimes did not outweigh the factors that made his conduct more serious, which fails to satisfy the terms of R.C. 2929.13(D)(2)(b). The presumption of prison is only overcome if the court finds that both R.C. 2929.13(D)(2)(a) and (b) are met. Furthermore, the trial court appropriately weighed all the factors and determined that a six-year sentence out of a possible maximum sentence of 120 to 124 years was appropriate.

{¶ 23} The trial court's sentence was supported by the record. There is no evidence under R.C. 2953.08(G)(2) that would support a modification of the sentence.

{¶ 24} Accordingly, we overrule the second assignment of error.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P. J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.